IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOY HELICOPTER SOLUTIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE ASHLEY COLLECTION, INC., d/b/a PROTOCOL NEW YORK, <br><br> Defendant. | Case No. <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Toy Helicopter Solutions LLC ("THS" or "Plaintiff") files this Complaint against The Ashley Collection, Inc., d/b/a Protocol New York ("Protocol" or "Defendant") for infringement of U.S. Patent RE47,176 ("the '176 patent", "the patent-in-suit" or "asserted patent").

## THE PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business located at 836 Diamond Street, Laguna Beach, California 92651.

2. Upon information and belief, Protocol is a New York corporation with its principal place of business located at 152 West 57th Street, New York, New York 10019.

## JURISDICTION AND VENUE

3. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. Defendant is subject to this Court's specific and general personal jurisdiction due at least to its substantial business in this State and judicial district, including: (a) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue

from goods sold, and services provided, to New York residents; and (b) Defendant is a New York Corporation.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b). Defendant is a New York Corporation. Defendant has committed acts of infringement in this judicial district and has a regular and established place of business in this district. Specifically, Defendant has an office located at 152 West 57th Street, Floor 6, New York, New York 10019.

## THE PATENTS-IN-SUIT

6. The inventions claimed in the patent-in-suit all relate to toy helicopters.

7. The patent-in-suit is a reissue of U.S. Patent 6,659,395 issued on December 9, 2003.

8. Jeffrey Rehkemper, Keith Johnson and Nicholas Grisolia are the named inventors of the patent-in-suit.

9. Each asserted claim in each patent-in-suit is presumed valid and directed to patent eligible subject matter.

10. Each asserted claim in each patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. RE47,176)

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

13. Plaintiff is the exclusive licensee of the '176 patent, entitled "Propellers and Propellers Related Vehicles," with all substantial rights to the '176 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '176 patent is attached as Exhibit 1.

14. The '176 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

15. Defendant has, and continues to, directly infringe one or more claims of the '176 patent in this judicial district and elsewhere in New York and the United States.

16. In particular, Defendant has, and continues to, infringe at least claims 1, 30, and 31 of the '176 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, it Aviator, Tough Copter II, and Spir with Gyro helicopter products ("the Accused Products").

17. Attached hereto as Exhibit 2, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '176 patent.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

18. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '176 patent by inducing direct infringement by users of the Accused Products.

19. Defendant has had knowledge of the '176 patent since at least service of the original complaint in this matter.

20. On information and belief, despite having knowledge of the '176 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '176 patent, including at least claims 1, 30, and 31, and Defendant knew or should have known that its actions were inducing infringement.

21. Defendant instructs and encourages users to use the products in a manner that infringes the '176 patent. For example, Defendant's website encourages end users to use the Accused Products. *See e.g.,* https://protocolny.com/pages/instruction-manuals. In addition, Defendant's website not only encourages end users to use the Accused Products but also provides instructions on how to use the Accused Products. *See e.g.,* Exhibit 2, claim chart and materials cited therein and attached thereto.

22. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '176 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

23. Defendant is liable for these infringements of the '176 patent pursuant to 35 U.S.C. § 271.

24. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '176 patent, have been infringed directly and/or indirectly, literally and/or under the doctrine of equivalents, by Defendant;

b.  Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c.  Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d.  That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: September 5, 2019 TOY HELICOPTER SOLUTIONS LLC

By: */s/ Gregory O. Koerner*
Gregory O. Koerner
KOERNER & ASSOCIATES LLC
233 Broadway, Suite 2208
New York, New York 10279
P. 212-461-4377
gokoerner@gmail.com

Timothy E. Grochocinski (*pro hac to be filed*)
Illinois Bar No. 6295055
Joseph P. Oldaker (*pro hac to be filed*)
Illinois Bar No. 6295319
NELSON BUMGARDNER ALBRITTON, P.C.
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1975
tim@nbafirm.com
joseph@nbafirm.com

*COUNSEL FOR PLAINTIFF*
*TOY HELICOPTER SOLUTIONS LLC*