UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOY HELICOPTER SOLUTIONS LLC., <br><br> Plaintiff, <br><br> v. <br><br> THE ASHLEY COLLECTION, INC., D/B/A PROTOCOL NEW YORK, <br><br> Defendant. | Civil Action No.: 19-cv-8292 (LGS) <br><br> **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

## ANSWER

Defendant The Ashley Collection, Inc., D/B/A Protocol New York ("Defendant") answers the Complaint for Patent Infringement ("Complaint") brought by plaintiff Toy Helicopter Solutions, LLC ("Plaintiff") as follows:

## PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. Defendant admits that Plaintiff's Complaint alleges infringement under the United States patent laws, and that this Court has subject matter jurisdiction over these patent law

1

claims, provided Plaintiff can establish it has standing to enforce the alleged patent, an issue which at this time is contested by Plaintiff.

4. Admitted.

5. Defendant admits that venue is proper in this District, but only with respect to this Action, and denies that there has been any acts of infringement.

## The Patents-In-Suit

6. Defendant admits that the patent states "this invention relates generally to propellers and propeller related vehicles and more particular to vehicles, such as air, land and water vehicles, that use or incorporate propellers to create lift or as a means for propulsion, and for most aspects of the present invention relate to air based vehicles designed for the toy or hobby industry," but otherwise denies the allegations of this paragraph.

7. Defendant admits that the Patent states that it is a reissue of U.S. Patent No. 6,659,395, issued on December 9, 2003.

8. Defendant admits that the patent identifies the alleged individuals as the inventors of the patent-in-suit.

9. Defendant states that allegations in this paragraph set forth only a statement of law for which no admission or denial is required, but Defendant in any event denies the allegations of this paragraph as Defendant alleges, per its below defenses and counterclaims, that one or more of the claims of the Patent-in-Suit are invalid.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

## Count 1
## Infringement of U.S. Patent No. RE47,176

11. Defendant repeats and incorporates by reference its answers and responses set forth above.

12. Defendant admits that Plaintiff seeks to bring an action under 35 U.S.C. § 271, but denies Plaintiff's claims and denies that Plaintiff is entitled to any relief.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Defendant denies the allegations of Paragraph 14.

### Direct Infringement (35 USC 271(a))

15. Denied.

16. Denied.

17. Denied.

### Indirect Infringement (Inducement – 35 USC 271(b))

18. Denied.

19. Admitted.

20. Denied.

21. Denied.

22. Denied, and Defendant states it has no obligation to implement a design around or otherwise take remedial action.

23. Denied.

24. Denied.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint, and denies that Plaintiff is entitled to any relief requested in its Prayer for Relief, and therefore demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the requested relief and denies any allegations in paragraphs (a) through (e) of its prayer for relief.

## AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following affirmative defenses. In addition to the affirmative defenses set forth below and subject to its responses above, Defendant specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '176 Patent**

Defendant asserts that it does not infringe and has not infringed (not directly, contributorily, by inducement, nor in any other way) literally or under the doctrine of equivalents any claim of the '176 Patent.

**SECOND AFFIRMATIVE DEFENSE: Invalidity of the '176 Patent**

The claims of the '176 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, 112 and 132.

**THIRD AFFIRMATIVE DEFENSE: Waiver, Acquiescence and/or Consent**

Plaintiff's claims of infringement under the '176 Patent are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or consent.

**FOURTH AFFIRMATIVE DEFENSE: Unclean Hands**

Plaintiff's claims of infringement under the '176 Patent are barred, in whole or in part, by unclean hands.

### FIFTH AFFIRMATIVE DEFENSE: Laches

Plaintiff's claims of infringement under the '176 Patent are barred, in whole or in part, by laches.

### SIXTH AFFIRMATIVE DEFENSE: Estoppel

Plaintiff's claims of infringement under the '176 Patent are barred, in whole or in part, by the doctrines of equitable estoppel and/or prosecution history estoppel.

### SEVENTH AFFIRMATIVE DEFENSE: Lack of Standing

Plaintiff lacks standing to assert infringement of the '176 Patent because it did not have sufficient rights in the '176 Patent at the time the suit was filed.

### EIGHTH AFFIRMATIVE DEFENSE: Failure to Join

Plaintiff has failed to name or join an indispensable party or parties to the present action, including but not limited to certain persons or entities who may have an ownership interest in the '176 Patent.

### NINTH AFFIRMATIVE DEFENSE: Bar to Damages

Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation), and/or 35 U.S.C. § 287 (marking).

**TENTH AFFIRMATIVE DEFENSE: Failure to State a Claim**

Plaintiff's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because Plaintiff's Complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant asserts the following Counterclaims as against Plaintiff:

**THE PARTIES**

1.     Counterclaim-Plaintiff The Ashley Collection, Inc., D/B/A Protocol New York ("Ashley") is a New York corporation, with its principal place of business at 152 West 57th Street, New York, New York 10019.

2.     Counterclaim-Defendant Toy Helicopter Solutions, LLC ("THS") is a Texas limited liability company, with its principal place of business at 836 Diamond Street, Laguna Beach, California 92651.

**JURISDICTION AND VENUE**

3.     This is an action for declaratory judgment of invalidity and non-infringement of U.S. Patent No. RE47,176 ("the '176 Patent")(Exhibit 1 of Complaint) arising under the patent

laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202. An actual and justiciable controversy exists between Plaintiff and Defendant regarding the validity and infringement of the '176 Patent. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

4. This Court has personal jurisdiction over Plaintiff.

## FACTUAL BACKGROUND

5. Ashley is in the business of designing and selling household products, gifts, and tools.

6. In its Complaint for Patent Infringement, THS asserts that Ashley has infringed the '176 Patent by selling a certain toy helicopter. Ashley denies THS' allegations of infringement and further denies that the '176 Patent is valid. Consequently, there exists an actual case or controversy between the parties with respect to the non-infringement and/or invalidity of the '176 Patent.

## COUNT ONE
**Declaratory Judgment of Non-Infringement of U.S. Patent No. RE47,176**

7. Ashley restates and incorporates by reference its allegations in the foregoing paragraphs.

8. An actual case or controversy exists between Ashley and THS as to whether the '176 Patent is not infringed by Ashley.

9. The toy helicopters that are alleged in the Complaint to be sold by Ashley ("Accused Product") do not have all of the elements of at least one of the asserted claims, and therefore does not infringe any of the asserted claims of the '176 Patent.

10. For example, the Accused Product, among other missing elements, does not have a "motor mechanism," "power supply" or "pivot pin" as those elements are taught by the '176 Patent.

11  Ashley seeks a judicial declaration finding that Ashley has not infringed and does not infringe, directly or indirectly, any claim of the '176 Patent.

## COUNT TWO
### Declaratory Judgment of Invalidity of U.S. Patent No. RE47,176

12. Defendant restates and incorporates by reference its allegations in the foregoing paragraphs.

13. An actual case or controversy exists as between Defendant and Plaintiff as to whether the '176 Patent is invalid.

14. Defendant seeks a judicial declaration finding that the '176 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, Ashley prays for judgment as follows:

 a. A judgment in favor of Ashley denying THS all relief requested in its Complaint in this action and dismissing THS' Complaint for patent infringement with prejudice;

 b. A judgment in favor of Ashley on all of its Counterclaims;

 c. A declaration that Ashley has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '176 Patent;

 d. A declaration that the '176 Patent is invalid;

 e. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Ashley of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

 f. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendant/Counter-Plaintiff, The Ashley Collection, Inc., D/B/A Protocol New York respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

By: ___s/ Jeffrey A. Lindenbaum___
Jeffrey A. Lindenbaum (JL-1971)
Jess M. Collen
Michael Nesheiwat
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668
Fax. (914) 941-6091
jlindenbaum@collenip.com

*Attorneys for Defendant/Counter-Plaintiff*

Dated: September 27, 2019

## **CERTIFICATE OF SERVICE**

      I, Jeffrey A. Lindenbaum, hereby certify that on September 27, 2019, I caused a true and correct copy of the foregoing Answer, Affirmative Defenses and Counterclaims to be filed with the Court via ECF, which will send notification to all counsel of record.

                                                                                                                  _s/ Jeffrey A. Lindenbaum_