IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TOY HELICOPTER SOLUTIONS, LLC**<br><br>Plaintiff,<br>v.<br><br>**THE ASHLEY COLLECTION, INC.,**<br><br>Defendant. | Case No. 1:19-cv-8292-LGS |

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

The Court having found that good cause exists for issuance of an appropriately tailored protective order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in connection with this action, including information for settlement exchanged prior to filing the action) that is designated as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material or Confidential – Attorney's Eyes Only Discovery Material to anyone else except as expressly permitted hereunder. Persons having knowledge of any Confidential or Confidential-Attorney's Eyes Only Material produced in discovery in this Action by virtue of their participation in the conduct of the Action shall use such

information only in connection with the prosecution, defense or appeal of the Action and shall not use such confidential information for any other purpose.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. The person producing Discovery Material may designate as "Confidential – Attorney's Eyes Only" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. This information may include, but is not limited to, information that is (1) current or future business or technical trade secrets or (2) other highly sensitive, confidential, non-public information (including, without limitation, highly sensitive design, development or manufacturing information; highly sensitive business planning, strategy or marketing information; or highly sensitive financial information such as financial statements), Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Confidential – Attorneys Eyes Only" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation, or with a Confidential designation, should be designated as "Confidential," or "Confidential – Attorneys Eyes Only" the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Confidential – Attorneys Eyes Only under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Confidential – Attorneys Eyes Only" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

6. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action and to which the Confidential Discovery Material is relevant to that testimony, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7. No person subject to this Order, other than the producing person, shall disclose any Confidential – Attorney's Eyes Only Discovery Material to any other person whomsoever, except to:

a) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(b) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(c) any witness who is called to testify at trial in this action and to which the Confidential – Attorney's Eyes Only Discovery Material is relevant to that testimony, provided the disclosure occurs only at trial and such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(d) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(f) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(g) the Court and its staff; and

(h) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

8. Prior to the disclosure of any Confidential Discovery Material or Confidential – Attorney's Eyes Only Discovery Material to any person referred to in subparagraphs 6(d), 6(e), 7(c) or 7(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-

Disclosure Agreement, hold it in escrow, and, upon request, produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

9. Any person who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, the non-moving party may seek a ruling from the Court.

10. Except as agreed in writing by counsel of record, to the extent that any Confidential or Confidential-Attorney's Eyes Only Material is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall seek to file that submission under seal. *The parties shall comply with the Court's Individual Rules on filing under seal.*

11. Each person who has access to Confidential Discovery Material or Confidential – Attorney's Eyes Only Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

12. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion, if it discloses the content of the Inadvertently Disclosed Information, shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Miscellaneous**

18. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court.

19. Nothing herein shall operate as an admission by any of the parties hereto that any particular material contains or reflects trade secrets, or other confidential or proprietary information.

20. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

21. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) and/or Rule 37 of the Federal Rules of Civil Procedure.

22. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a producing party for purposes of this Protective Order.

23. Any party which is served with a subpoena or other notice compelling the production of any Confidential or Confidential-Attorney's Eyes Only Material produced by another party must give written notice to that original producing party of such subpoena or other notice. Upon receiving such notice, the original producing party shall bear the burden to oppose compliance with the subpoena, if it deems it appropriate to do so.

> The parties are advised that, if parties file material designated as Confidential for any motion or request -- whether or not under seal -- the Court retains discretion to discuss the material in any corresponding Order or Opinion.

**SO STIPULATED.**

<table>
<tr><td>

*/s/ Timothy E. Grochocinski*
Timothy E. Grochocinski (*pro hac vice*)
Illinois Bar No. 6295055
tim@nbafirm.com
Joseph P. Oldaker (*pro hac vice*)
Illinois Bar No. 6295319
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON, P.C.
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1975

Gregory O. Koerner
KOERNER & ASSOCIATES LLC
233 Broadway, Suite 2208
New York, New York 10279
P. 212-461-4377
gokoerner@gmail.com

*COUNSEL FOR PLAINTIFF*
*TOY HELICOPTER SOLUTIONS, LLC*

</td><td>

*/s/ Jeffrey A. Lindenbaum*
Jeffrey A. Lindenbaum (JL-1971)
Jess M. Collen
Michael Nesheiwat
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
P. (914) 941-5668
F. (914) 941-6091
jlindenbaum@collenip.com

*COUNSEL FOR DEFENDANT*
*THE ASHLEY COLLECTION, INC.*

</td></tr>
</table>

**SO ORDERED.**

Dated: __November 26__, 2019

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TOY HELICOPTER SOLUTIONS, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**THE ASHLEY COLLECTION, INC.,**<br><br>Defendant. | Case No. 1:19-cv-8292-LGS |

## NON-DISCLOSURE AGREEMENT

I, _____[print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential – Attorney's Eyes Only. I agree that I will not disclose such Confidential Discovery Material or Confidential – Attorney's Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____
                          [Signature]